## LAFORGE v. MAGEE.

Where the right of a holder of county scrip to payment thereof had become fixed by presentation, there being money for such payment then in the treasury, a subsequent Act of the Legislature cannot intervene to divest rights already acquired.

While the Legislature has power to direct in what manner county revenues shall be disposed of, still they cannot divest a right of a party which is complete, vested, and determined.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

This was an application for a mandamus, filed January 21st, 1856, to compel the defendant, County Treasurer of Calaveras County, to pay certain warrants belonging to plaintiff, and amounting to $19,002 87, being the bulk of the unfunded indebtedness of the county. The complaint charges that the defendant has paid and is paying indebtedness incurred for the current expenses of the county, while he refuses payment of the scrip held by Laforge, issued for indebtedness previously incurred. The Court below, on petition and answer, ordered a peremptory mandamus to issue. Defendant appealed.

The following statement of facts is admitted by stipulation:

The respondent was the owner and holder of warrants, as set forth in his complaint, and registered as therein charged.

The appellant was county treasurer as charged.

The board of supervisors had made an order appropriating one-third of the revenue arising to the county to the payment of old indebtedness of the county, and two-thirds of the county revenue to the payment of the current expenses of the county.

The treasurer had complied and was complying with the order of the board of supervisors—the question being whether the board of supervisors had the legal power to make the order, and whether the remedy was properly taken. To which exception was taken by appellant.

*Smith & Hardy* for Appellant.

*Robinson, Beatty & Sackett,* for Respondents.
No briefs on file.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

At the time when Laforge presented his warrants for payment, there being money in the treasury which had been appropriated under a previous and existing law for that purpose, his right became fixed and could not be destroyed by subsequent legislative enactment. It was the duty of the treasurer to pay the warrants at the time of their pre-

sentation, and the subsequent Act of the Legislature could not intervene to divest rights already acquired. In other words, had the treasurer paid the money at the time it was his duty to do so, there would have been an end of the controversy, or rather it would have had no commencement. But he refused to comply with what has been already determined to be his duty, and delayed the plaintiff, until an Act of the Legislature was passed attempting to impair his right, and now claims that the plaintiff takes nothing by his judgment.

While we admit that the Legislature has power to direct in what manner the revenues of the county shall be disposed of, still they cannot, in a case like the present, where the right of the party is completely vested and determined, divest or take away the right.

Judgment affirmed.